SUMMARY ORDER

Hui Chen, a citizen of the People’s Republic of China, seeks review of a September 4, 2008 order of the BIA affirming the May 11, 2007 decision of Immigration Judge (“IJ”) Noel Ferris denying Chen’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hui Chen, No. A200 039 975 (BIA Sep. 4, 2008), aff'g No. A200 039 975 (Immig. Ct. N.Y. City May 11, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005).[2] We review the agency’s findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency properly concluded that Chen failed to demonstrate his eligibility for asylum where his claim was based on his wife’s forced sterilization. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 306 (2d Cir.2007) (providing that any alleged persecution must be “personally experienced” if it is to form the basis of an asylum claim). Further, while the IJ found that Chen failed to demonstrate that he was persecuted on account of any resistance to family planning officials, Chen failed to challenge that dispositive finding before either the BIA or this Court, waiving any such challenge. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
Additionally, Chen asserts in his brief to this Court that the BIA erred by failing to consider his economic persecution claim. However, as the Government argues, Chen failed to exhaust that claim before the BIA. Thus, we decline to review Chen’s specific argument, because the BIA never had the opportunity to consider it. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122 (2d Cir.2007) (reaffirming that this Court “may consider only those issues that formed the basis for [the BIA’s] decision”).
Additionally, Chen does not cite any record evidence supporting his argument that he has a well-founded fear of persecution on account of his alleged resistance to family planning officials. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). Accordingly, where Chen established neither past persecution nor a well-founded fear of future persecution, there *736 was no error in the agency’s denial of his application for asylum.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Because the BIA assumed arguendo that Chen was credible, we do not review any challenge to the IJ's credibility determination. Moreover, Chen has not challenged the agency's denial of his withholding of removal and CAT claims. Therefore, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).